IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-21016
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERALD PATRICK HARRIS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-94-CR-231-2
- - - - - - - - - -

September 23, 1998

Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Gerald Harris appeals the refusal of the district court to consider new issues of fact arising for the first time on remand for resentencing. He argues that the district court should have considered these new issues and that the failure to do so should result in a reversal and vacation of his sentence.

There is no *de novo* resentencing following remand in all cases in which resentencing has been ordered. United States v. Marmolejo, 139 F.3d 528, 531 (5th Cir.), *petition for cert.*

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*filed,* (July 20, 1998)(No. 98-5372). The district court did not err in holding that the only issues to be considered on resentencing were those directed to it by this court. The other errors argued by the appellant were not properly before the sentencing court because they did not fall within the limits of the remand order.

Appellant's argument concerning a change in the law regarding downward departures by sentencing courts is unavailing. United States v. Koon, 518 U.S. 81 (1996). Koon authorizes a sentencing court to make a departure from the Sentencing Guidelines only if the facts are appropriate, and the opinion sets out considerations for different circumstances. Id. at 92-96. The district court acknowledged its ability to consider an imperfect duress defense but held that it was improper to do so. As result, this decision cannot be reviewed by this court. See United States v. Brace, 145 F.3d 247, 263 (5th Cir. 1998)(en banc); United States v. DiMarco, 46 F.3d 476, 477-78 (5th Cir. 1995).

The judgment of the district court is AFFIRMED.